[No. 14790. *En Banc.* January 6, 1919.]

# DEMENT BROTHERS COMPANY, *Respondent,* v. CARL COON et al., *Appellants.*[1]

CONTRACTS (4) — REQUISITES — MUTUALITY — SALES. A writing signed by C. reciting that he sells wheat to D. for future delivery at a certain price, to which D. wrote the word "confirmed" and signed it, is not unilateral or void for want of mutuality, but is a sale binding on both parties.

FRAUDS, STATUTE OF (37)—MEMORANDUM—STATEMENT OF TERMS—TIME FOR PAYMENT. The failure of a contract for the sale of wheat for future delivery, to fix the time for payment, does not render it void under the statute of frauds; since in such case the law provides that payment and delivery shall be concurrent acts.

SAME (37). There is a sufficient compliance with the statute of frauds on the sale of wheat, payment to be made on delivery of warehouse receipts, where the memorandum of sale fixed the future delivery at one of two places to be chosen by the seller, but was silent as to time for payment, making payment and delivery concurrent acts; since the production of warehouse receipts would serve as proof of delivery according to the terms of the contract.

SALES (77)—FAILURE TO DELIVER—EXCUSES. The rejection of one sample of wheat, submitted at a place other than the place of delivery, does not excuse delivery according to the terms of sale covering several grades, especially where the parties thereafter agreed upon an extension of time for delivery.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered April 6, 1917, in favor of the plaintiff, notwithstanding the verdict of a jury in favor of the defendant, in an action on contract. Affirmed.

*Sharpstein, Smith & Sharpstein,* for appellants.

*Evans & Watson, J. G. Thomas,* and *W. A. Toner,* for respondent.

MITCHELL, J.—A transaction occurred between the parties to this action on August 4, 1916, and thereafter

[1]Reported in 177 Pac. 354.

another, relating to the same subject-matter, both of which were reduced to writing and signed, as follows:

"August 4, 1916.

"I sell to Dement Bros. Co. 6,000 bushels of Blue-stem wheat, basis No. one grade, 201 sacks turkey red wheat basis No. one grade, and 500 bushels forty-fold wheat basis No. one grade, all at $1.03½ per bushel f. o. b. Reese or Welland sellers option. Delivery to be made on or before Sept. 30, 1916.

"Confirmed                          Carl Coon.
"Dement Bros. Co.
"By Morrison."

"We, the undersigned, hereby agree to an extension of time of delivery on the wheat contract of Aug. 4, 1916, to Dec. 1, 1916, instead of Sept. 30, 1916. All other conditions of contract to remain the same.

"Dement Bros. Co.
"By Morrison.   Carl Coon."

The writing with reference to extension of time for delivery of the wheat was signed October 25, 1916. No wheat was delivered, and suit for damages followed. There was a trial to a jury, and a verdict for the plaintiff in an amount substantially less than sued for. Neither party moved for a new trial, but each presented a motion for judgment notwithstanding the verdict. The court granted plaintiff's motion and entered judgment for the full amount of damages claimed. Defendants appeal.

The amount of the judgment is not questioned if respondent is entitled to prevail. Errors assigned are expressed by three contentions of appellants, as follows: (1) That said contract is void for want of mutuality. (2) That said memorandum or contract is void for the reason that the same is not in compliance with the statute of frauds. (3) It is alleged that the respondent refused to accept certain wheat offered by

appellants in pursuance of said contract, and thereby absolved appellants from compliance therewith.

As to the first contention: The contract is an executory one and evidently it was intended to be, and is, bilateral. Appellants argue that the contract contains no promise on the part of respondent to receive the wheat nor to pay for it. We are satisfied to the contrary. By the writing, signed by Carl Coon, he said that he sells wheat to respondent, future delivery, at a stated price, f. o. b. at either of two places the seller prefers. Respondent wrote the word "confirmed" and signed it. Thereafter there was written on the instrument an agreement extending the time for delivery of wheat and a reaffirmance of all other conditions of the contract, which was signed by both parties. The rule by which we determine the intent of the parties and the meaning, or lack of meaning, of such a written instrument does not encourage an attempt to charm or transform it into a word puzzle, nor to do otherwise than take the words and signatures in their ordinary, everyday, popular sense. The contract is not an option given by Carl Coon, nor is it a unilateral agreement, such as the offer of a reward. By it Carl Coon said he sells wheat, future delivery, at a certain price, to Dement Brothers Company. It is impossible to sell unless at the same time there is a purchaser. The one obligation must have its corresponding and correlative obligation. Therefore, when Carl Coon signed the contract, he obligated himself to sell wheat, future delivery, at the price stated, to Dement Brothers Company, and when the latter wrote on it the word "confirmed" and then signed it, respondent entered into the correlative obligation of purchasing wheat, future delivery, at the price stated, from Carl Coon. The same may be said with reference to the obligation of respondent to receive the wheat. *But-*

*ler v. Thomson,* 92 U. S. 412; *Jordan v. Patterson,* 67 Conn. 473, 35 Atl. 521.

Appellants' second assignment of error is without merit. As we understand, it is claimed, first, that the contract is deficient because of indefiniteness as to price. It is plain and clear in this respect. And second, that it is faulty because the time for payment is not expressed. If there had been written into the contract the words "delivery and payment of the purchase price shall be concurrent acts," it would have been about as definite as possible, and yet not more so than it is, for "It is the rule that where the time of payment is not mentioned, then the law provides that the delivery of the article and the payment of the purchase price shall be concurrent acts." *Loewi v. Long,* 76 Wash. 480, 136 Pac. 673; 2 Mechem, Sales, § 1407. However, on this point, it appears from the proof there was an understanding that the price should be paid when warehouse receipts were delivered, and it is contended the writing is at fault for not so expressing it. Not so, however, for, by the agreement, the delivery was to be made at a place to be chosen by the seller, and the production of the warehouse receipt showing delivery at such place would serve as proof of delivery according to the terms of the contract, entitling the seller to pay.

As to the alleged refusal of respondent to accept certain wheat offered, the evidence shows that, about two weeks after making the contract and a few days after appellants commenced to thresh wheat, appellant Carl Coon took a sample of bluestem wheat only to respondent, who, upon testing it, said it gave Carl Coon to understand that, while the sample showed number one bluestem, the test could not be considered as sufficient for all the different kinds and the total amount contracted for, nor even for the six thousand

bushels of bluestem; while Carl Coon testifies that respondent stated it was not number one bluestem wheat and that it would not be accepted as such. As to which version of that transaction is correct is immaterial, for in either view it cannot be treated as a delivery. The contract provides for the delivery of all the wheat and at either of two places, at the option of the seller, other than the respondent's place of business, where this so-called test and conversation took place. Besides, as already noticed, this occurred in the month of August, and on October 25 a new agreement in writing was entered into by the parties extending the time for delivery of the wheat to December 1. The record suggests that the failure or refusal of appellants to deliver the wheat as they agreed is explained by the fact that the market price of wheat continuously advanced after the contract was made, rather than because of any alleged dispute over a test of one kind of wheat a considerable time prior to making the new agreement extending the time for delivery.

Judgment affirmed.

ALL CONCUR.